**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **ARTHUR BURNHAM**,<br><br>Plaintiff,<br><br>v.<br><br>**UMASS MEMORIAL MEDICAL CENTER, INC.**, and **THE COMMONWEALTH OF MASSACHUSETTS**, acting through the Massachusetts Trial Court, Worcester Probate and Family Court, and Registry,<br><br>Defendants. | C.A. No. 4:26-CV-40002-MRG |

**THE COMMONWEALTH OF MASSACHUSETTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FOURTH AMENDED COMPLAINT**

## TABLE OF CONTENTS

**INTRODUCTION** .......... **1**

**FACTUAL AND PROCEDURAL BACKGROUND** .......... **1**

**LEGAL STANDARD** .......... **6**

**ARGUMENT** .......... **7**

I. PLAINTIFF'S CLAIM IS BARRED BY THE *ROOKER-FELDMAN* DOCTRINE. .......... 7

II. PLAINTIFF LACKS STANDING. .......... 10

III. PLAINTIFF FAILS TO STATE A CLAIM UNDER THE ADA OR THE REHABILITATION ACT. .......... 11

**CONCLUSION** .......... **12**

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Albrecht v. City of Newburyport*,
No. 25-CV-10438, 2026 WL 836846 (D. Mass. Mar. 26, 2026) ........ 7

*Almeida v. Rose*,
55 F. Supp. 3d 200 (D. Mass. 2014) ........ 7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ........ 7, 12

*Bakshi v. Bergen Cnty. Superior Ct.*,
687 F. App'x 215 (3d Cir. 2017) ........ 9

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ........ 1, 7

*Collins v. Bos. Pub. Health Comm'n*,
No. 21-CV-10940, 2022 WL 425569 (D. Mass. Feb. 11, 2022) ........ 7

*D.C. Ct. of App. v. Feldman*,
460 U.S. 462 (1983) ........ 8

*Efreom v. McKee*,
46 F.4th 9 (1st Cir. 2022) ........ 8

*Fishman v. Massachusetts Prob. & Fam. Ct.*,
No. 23-CV-12459, 2023 WL 7284868 (D. Mass. Nov. 3, 2023) ........ 7, 9

*Hochendoner v. Genzyme Corp.*,
823 F.3d 724 (1st Cir. 2016) ........ 7

*Howitt v. Massachusetts*,
No. 24-CV-13207, 2025 WL 2146607 (D. Mass. July 29, 2025) ........ 9

*In re Evenflo Co., Inc., Mktg., Sales Pracs. & Prods. Liab. Litig.*,
54 F.4th 28 (1st Cir. 2022) ........ 10

*Johansen v. United States*,
506 F.3d 65 (1st Cir. 2007) ........ 7

*Langworthy v. Whatcom Cnty. Superior Ct.*,
No. C20-1637, 2021 WL 1788391 (W.D. Wash. May 5, 2021) ........ 9

*Mandel v. Town of Orleans*,
326 F.3d 267 (1st Cir. 2003) ........ 8

*Mezzano v. Second Jud. Dist. Ct. of the State of Nevada*,
No. 23-CV-00324, 2023 WL 4868441 (D. Nev. July 31, 2023) ..... 9

*Miller v. Nichols*,
586 F.3d 53 (1st Cir. 2009) ..... 8

*Parker v. Universidad de Puerto Rico*,
225 F.3d 1 (1st Cir. 2000) ..... 11

*Reddy v. Foster*,
845 F.3d 493 (1st Cir. 2017) ..... 11

*Rooker v. Fidelity Trust Co.*,
263 U.S. 413 (1923) ..... 8

*S.E.C. v. Tambone*,
597 F.3d 436 (1st Cir. 2010) ..... 7

*Silva v. Massachusetts*,
351 F. App'x 450 (1st Cir. 2009) ..... 8

*Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*,
837 F.3d 736 (7th Cir. 2016) ..... 9

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) ..... 10

*Tyler v. Supreme Jud. Ct. of Mass.*,
914 F.3d 47 (1st Cir. 2019) ..... 8

*Watterson v. Page*,
987 F.2d 1 (1st Cir. 1993) ..... 2

*Wiener v. MIB Group, Inc.*,
86 F.4th 76 (1st Cir. 2023) ..... 10

*Wine and Spirits Retailers, Inc. v. Rhode Island*,
418 F.3d 36 (1st Cir. 2005) ..... 10

**Rules**

Federal Rule of Civil Procedure 12(b)(1) ..... 6, 10, 11, 12

Federal Rule of Civil Procedure 12(b)(6) ..... 7, 12

## INTRODUCTION

This suit epitomizes what the *Rooker-Feldman* doctrine prohibits: an attempted end-run around final state-court orders in federal court. *Pro se* Plaintiff Arthur Burnham ("Plaintiff") asserts a claim against the Commonwealth of Massachusetts ("Commonwealth") for violation of Title II of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act") arising from the Worcester Probate and Family Court's denial of his motion to file exhibits electronically and rejection of certain of his *pro se* filings in a now-dismissed guardianship proceeding initiated by UMass Memorial Medical Center, Inc. ("UMass Memorial").[1]

Plaintiff's frustration with the guardianship proceeding is understandable. Plaintiff's claim against the Commonwealth, however, is not viable and should be dismissed for at least three reasons. First, Plaintiff's claim is barred by the *Rooker-Feldman* doctrine. Second, Plaintiff lacks standing because he fails to allege an injury in fact. Third, even if this Court had jurisdiction, Plaintiff fails to state a claim.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

### I. Plaintiff's Medical History

Plaintiff "is a paraplegic from the chest down" who is "substantially limited in major life activities and depends upon functioning wheelchair mobility for movement, safety, independence, self-care, and meaningful community access." Dkt. 48 (Fourth Am. Compl.) at ¶ 22. He has "a past medical history significant for bipolar 1 disorder, PTSD, [and a] gunshot injury to [his] spine

---

[1] Plaintiff also asserts claims against UMass Memorial for violation of Section 504 of the Rehabilitation Act and Title V of the ADA.

[2] The allegations in Plaintiff's Fourth Amended Complaint are taken as true only for purposes of this motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–556 (2007).

leading to T8 hemiparesis." Dkt. 48-5 at 3 (UMass Exhibit 1).[3]

On August 2, 2024, Plaintiff was admitted to UMass Memorial through its Emergency Department stating "that his left foot got dragged underneath his wheelchair and scraped up the skin on his foot." Dkt. 48-5 at 3 (UMass Exhibit 1). Plaintiff experienced "severe and recurring wheelchair-related lower-extremity injury, including exposed bone, surgical treatment and resulting amputation, and later lower-extremity wounds." Dkt. 48 at ¶ 26. On December 27, 2024, Dr. Aida Taku stated in a Daily Progress Note that "Patient plans to work with his insurance to get a better wheelchair to minimize damage to his feet." Dkt. 48-5 at 10 (UMass Exhibit 3); *see also* Dkt. 48 at ¶ 27.

## II. Plaintiff's Wheelchair Requests

In Fall 2025, Plaintiff's "wheelchair became nonfunctional because of battery and mechanical problems," which "substantially impaired his ability to move independently within or leave the hospital." Dkt. 48 at ¶ 29. Plaintiff requested "a basic manual or standard hospital wheelchair." *Id.* at ¶ 34. Although "[a] floor manager acknowledged that such a wheelchair was available and could be obtained from another floor," a standard wheelchair was not provided. *Id.*

On October 8, 2025, Dr. Rama Takillapati wrote that "Patient [is] requesting [a] new wheel chair [sic] as current one does not hold his legs - social worker/CM informed to pursue it." Dkt. 48-5 at 20 (UMass Exhibit 10); *see also* Dkt. 48 at ¶ 30. On November 20, 2025, Dr. Takillapati wrote that she "[d]iscussed [Plaintiff's request to fix or replace his wheelchair] with social work and CM, [who] advised it needs to be done after [discharge], as insurance only pays when seen as

[3] On a motion to dismiss, the Court may consider "documents the authenticity of which are not disputed by the parties; . . . official public records; . . . documents central to plaintiffs' claim; or . . . documents sufficiently referred to in the complaint." *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993) (citations omitted).

outpatient." Dkt. 48-5 at 22 (UMass Exhibit 11); *see also* Dkt. 48 at ¶ 31. In the same note, Dr. Takillapati wrote that "[f]ollowing meeting with Social work and CM patient threw a temper tantrum stating he is suicidal and threatening [that he] would cut himself with a knife or if sent to LTC he wound [sic] go to ER and blow his head off." Dkt. 48-5 at 22 (UMass Exhibit 11). On November 24, 2025, Social Worker Molly Page "provided education on his electric wheelchair would be fixed or replaced in the community. It cannot be done while [inpatient] at UMass." Dkt. 48-5 at 24 (UMass Exhibit 12); *see also* Dkt. 48 at ¶ 32. Plaintiff sought "a Physical Therapy evaluation to establish medical necessity and begin the wheelchair process while hospitalized." Dkt. 48 at ¶ 32; *see also id.* at ¶ 35.

## III. UMass Memorial's Guardianship Petition

On December 2, 2025, "UMass documented multidisciplinary disposition planning involving Risk Management, the Office of General Counsel, management, and hospital personnel." *Id.* at ¶ 36. On December 7, 2025, "after escalating distress associated with his prolonged inability to obtain effective wheelchair mobility and his continuing efforts to leave the hospital or obtain a workable discharge plan," *id.* at ¶ 43, Plaintiff sustained "[s]elf inflicted trauma" in the form of an "[approximately] 1 cm deep laceration on [the] volar aspect of [his] left lower arm," Dkt. 48-5 at 32 (Supplemental Exhibit – RR). On December 12, 2025, Plaintiff was "evaluated by [the] psychiatric team," who "deemed he is not able to make decisions about his health care[,] . . . does not have realistic expectation about the amount of support he will need to manage himself independently in the community[, and] . . .[a]lso does not have the realistic expectation about the insurance coverage for DME supplies, wheelchair repair, etc." Dkt. 48-5 at 40 (UMass Exhibit 15); *see also* Dkt. 48 at ¶ 51. On December 22, 2025, the "psychiatric team confirmed about his inability to make decisions on his own. Guardianship paperwork [was]

completed." Dkt. 48-5 at 40 (UMass Exhibit 15); *see also* Dkt. 48 at ¶¶ 49, 51. On January 5, 2026, Plaintiff filed the original complaint in this action. Dkt. 48 at ¶ 54. Two days later, UMass Memorial "commenced a guardianship proceeding." *Id.* at ¶ 55; *see also* Pet. for Appointment of Guardian of Incapacitated Person, Case No. WO26P0044GD (Worcester Probate and Family Court, Jan. 7, 2026).

## IV. Plaintiff's *Pro Se* Filings in the Worcester Probate and Family Court

Plaintiff "caused his Opposition to the temporary-guardianship request and its supporting exhibits to be commercially printed and sent to the Worcester Probate and Family Court." Dkt. 48 at ¶ 70. Plaintiff's physical package "was delivered to the Worcester courthouse mailroom on January 16, 2026." *Id.* at ¶ 71. There is "no identifiable contemporaneous January 16 entry" on the Worcester Probate and Family Court's docket "recording receipt, acceptance, filing, deficiency, rejection, return, or other processing of the physically delivered Opposition package." *Id.* at ¶ 73. On January 20, 2026, the Worcester Probate and Family Court held a hearing at which "court personnel located the physically delivered materials and brought them before the presiding judge in open court," *id.* at ¶ 74, and Plaintiff "specifically read or discussed" one of the exhibits, *id.* at ¶ 76. The same day, the Worcester Probate and Family Court appointed a temporary guardian. Order Appointing Temporary Guardian for an Incapacitated Person, Case No. WO26P0044GD (Worcester Probate and Family Court, Jan. 20, 2026). In that same Order, the Court checked a box stating that "[t]he Court has appointed counsel for the Incapacitated Person. See Separate Order Appointing Counsel." *Id.* However, no such Order Appointing Counsel appeared on the docket until February 4, 2026.

On January 23, 2026, Plaintiff's second physical package of filings was delivered to the mail room. Dkt. 48 at ¶¶ 80, 83. There is "no identifiable January 23 entry" on the docket

"corresponding to that documented delivery." *Id.* at ¶ 84. Plaintiff "telephoned the Worcester Probate Register seeking an explanation," and "a Registry employee stated that the package had been returned because it was 'not in one envelope.'" *Id.* at ¶ 85. Plaintiff then "attempted electronic filing and then sought individualized modification of the Probate Court's ordinary filing procedures." *Id.* at ¶ 91. On January 27, 2026, Plaintiff's electronic submissions "were rejected under an administrative one-envelope requirement." *Id.* at ¶ 92. On January 28, 2026, Plaintiff "attempted electronically to submit exhibits needed to complete his defense record," but his "submission was rejected on the ground that exhibits could not be e-filed." *Id.* at ¶ 93.

The same day, Plaintiff filed a Motion for Reasonable Accommodation that "expressly informed the Court that Plaintiff was paraplegic and confined to a hospital bed, lacked physical access to printers, copying services, and postal mail, had already incurred commercial expense attempting conventional filings, and had experienced rejection of electronically submitted exhibits," *id.* at ¶ 94, and "proposed multiple alternatives," *id.* at ¶ 95; *see also* Respondent's Mtn. for Reasonable Accommodation Pursuant to Title II of the ADA and Section 504, Case No. WO26P0044GD (Worcester Probate and Family Court, Jan. 28, 2026). On February 4, 2026, the Worcester Probate and Family Court denied his motion in a margin order, stating that "[c]ounsel shall be appointed to respondent. See order on Motion to Enforce Appointment of Counsel dated 2/4." Order, Case No. WO26P0044GD (Worcester Probate and Family Court, Feb. 4, 2026); *see also* Dkt. 48 at ¶ 97.

On January 5, 2026, the attorney first appointed to represent Plaintiff "expressly declined the appointment." Dkt. 48 at ¶ 99. The declination letter is stamped as received by the Registry on February 9, 2026, and as filed on February 13, 2026. *Id.* at ¶ 104. On February 9, 2026, "Plaintiff's pro se eFileMA submission of emergency materials was rejected," with the comment

that "counsel must file." *Id.* at ¶ 102. On February 17, 2026, Plaintiff electronically submitted a "Motion for Clarification of Counsel Status asking the Probate Court to identify current counsel, determine whether counsel had accepted and appeared, and clarify who could file." *Id.* at ¶¶ 108-109. On February 18, the Registry rejected that filing with a "comment stat[ing]: 'efile down please file by mail or in person.'" *Id.* at ¶¶ 109-110. On February 19, 2026, the attorney originally appointed "personally contacted Worcester Probate concerning the unresolved replacement-counsel issue." *Id.* at ¶ 113. In response, "Worcester Probate Guardianship" stated that "'[i]t does not appear the Registry has processed your declination'" and offered to forward the correspondence. *Id.* at ¶ 114. A new attorney "was subsequently appointed." *Id.* at ¶ 118.

After a hearing on March 31, 2026, the guardianship proceeding was dismissed "at [the] request of Petitioner [UMass Memorial] [and] assent of Respondent." Judgment of Dismissal, Case No. WO26P0044GD (Worcester Probate and Family Court, Mar. 31, 2026).

**V. Fourth Amended Complaint**

On August 3, 2026, the Commonwealth moved to dismiss Plaintiff's Third Amended Complaint. Dkt. 26. Plaintiff had not served the Commonwealth with any prior versions of the complaint. On August 23, 2026, Plaintiff filed a motion for leave to file a Fourth Amended Complaint. Dkt. 31. On August 29, 2026, while Plaintiff's motion for leave to amend was pending, Plaintiff filed his opposition to the Commonwealth's motion to dismiss. Dkt. 35. On November 5, 2026, the Court granted Plaintiff's motion for leave to file his Fourth Amended Complaint and denied as moot the Commonwealth's pending motion to dismiss. Dkt. 47. The Commonwealth now moves to dismiss the operative Fourth Amended Complaint.

## LEGAL STANDARD

"On a motion to dismiss for lack of subject-matter jurisdiction [under Rule 12(b)(1)], 'the party invoking the jurisdiction of a federal court carries the burden of proving its existence.'"

*Collins v. Bos. Pub. Health Comm'n*, No. 21-CV-10940, 2022 WL 425569, at *2 (D. Mass. Feb. 11, 2022) (quoting *Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007)). As a practical matter, "[t]he First Circuit has recognized 'parallelism' between the requirements of Rule 12(b)(6) and the requirements of standing, and accordingly 'applie[s] the plausibility standard applicable under Rule 12(b)(6) to standing determinations at the pleading stage.'" *Albrecht v. City of Newburyport*, No. 25-CV-10438, 2026 WL 836846, at *3 (D. Mass. Mar. 26, 2026) (quoting *Hochendoner v. Genzyme Corp.*, 823 F.3d 724, 730 (1st Cir. 2016)).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead factual "allegations plausibly suggesting (not merely consistent with)" an entitlement to relief. *Twombly*, 550 U.S. at 557; *see* Fed. R. Civ. P. 12(b)(6). The Court need not accept legal conclusions, conclusory statements, or "[t]hreadbare recitals of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Claims must be dismissed when "the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture." *Almeida v. Rose*, 55 F. Supp. 3d 200, 203 (D. Mass. 2014) (quoting *S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010)).

## ARGUMENT

### I. PLAINTIFF'S CLAIM IS BARRED BY THE *ROOKER-FELDMAN* DOCTRINE.

Because Plaintiff's claim against the Commonwealth seeks to undo or frustrate final judgments of the Worcester Probate and Family Court, the *Rooker-Feldman* doctrine divests this Court of subject matter jurisdiction.

"[T]he Supreme Court of the United States is the only federal court with jurisdiction to review a state court judgment." *Fishman v. Massachusetts Prob. & Fam. Ct.*, No. 23-CV-12459, 2023 WL 7284868, at *2 (D. Mass. Nov. 3, 2023), aff'd, No. 23-2042, 2024 WL 2813931 (1st Cir. Mar. 21, 2024) (citations omitted). "The *Rooker-Feldman* doctrine . . . precludes a lower federal

court from entertaining a proceeding to reverse or modify a state judgment or decree to which the assailant was a party." *Mandel v. Town of Orleans*, 326 F.3d 267, 271 (1st Cir. 2003) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. of App. v. Feldman*, 460 U.S. 462 (1983)). It applies "where the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Tyler v. Supreme Jud. Ct. of Mass.*, 914 F.3d 47, 50 (1st Cir. 2019) (internal quotation marks and citations omitted). Application of the doctrine "does not depend on what issues were actually litigated in the state court," *Miller v. Nichols*, 586 F.3d 53, 59 (1st Cir. 2009) (internal quotation marks and citations omitted), whether "the federal action formally seek[s] to invalidate the state judgment," *Mandel*, 326 F.3d at 271, whether the federal action seeks declaratory, injunctive, or monetary relief, *see Silva v. Massachusetts,* 351 F. App'x 450, 456-457 (1st Cir. 2009), or whether the federal action "introduce[s] a new legal theory . . . that was not broached in the state courts," *see Efreom v. McKee*, 46 F.4th 9, 19 (1st Cir. 2022) (internal quotation marks and citation omitted). Rather, "it is enough if the federal action would in substance defeat or negate a state judgment, for example if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it" or if the requested relief would "frustrate [a state-court] order." *Mandel*, 326 F.3d at 271-272 (internal quotation marks and citations omitted). In other words, "[w]here federal relief can only be predicated upon a conviction that the state court was wrong," lower federal courts lack subject matter jurisdiction over the suit. *See Tyler*, 914 F.3d at 50 (internal quotation marks and citations omitted) (explaining that hearing such a suit would amount to a "prohibited appeal of a state-court judgement").

Here, the *Rooker-Feldman* doctrine divests this Court of subject matter jurisdiction over Plaintiff's claim against the Commonwealth because the relief he seeks is predicated on the

overarching claim that the Worcester Probate and Family Court was wrong to deny his Motion for Reasonable Accommodation and to reject some of his filings. Federal courts have consistently recognized that the *Rooker-Feldman* doctrine applies where a plaintiff "ask[s] [the federal] court to overturn state court orders that were allegedly wrongful because they were the product of unlawful disability discrimination." *See Fishman*, 2023 WL 7284868, at *2 (dismissing disability discrimination claim against the Massachusetts Probate and Family Court as "precisely the type of action that is precluded by the *Rooker-Feldman* doctrine"); *Howitt v. Massachusetts*, No. 24-CV-13207, 2025 WL 2146607, at *1-2 (D. Mass. July 29, 2025) (dismissing for lack of jurisdiction claim brought under Title II of the ADA by *pro se* plaintiff who alleged that housing court judges and court personnel "ignored his case filings and his requests for assistance"); *Bakshi v. Bergen Cnty. Superior Ct.*, 687 F. App'x 215, 217 (3d Cir. 2017) (per curiam) (*Rooker-Feldman* doctrine precluded subject matter jurisdiction where plaintiff alleged he lost his state court case because the state court did not accommodate his disability); *Sykes v. Cook Cnty. Cir. Ct. Prob. Div.*, 837 F.3d 736, 743 (7th Cir. 2016) ("*Rooker-Feldman* will not always bar a litigant from bringing claims against a state court for denial of reasonable accommodations. . . . But when as in this case the injury is executed through a court order, there is no conceivable way to redress the wrong without overturning the order of a state court. *Rooker-Feldman* does not permit such an outcome."); *Mezzano v. Second Jud. Dist. Ct. of the State of Nevada*, No. 23-CV-00324, 2023 WL 4868441, at *9 (D. Nev. July 31, 2023) (*Rooker-Feldman* doctrine precluded subject matter jurisdiction over "de facto appeal of [the state court judge]'s Orders regarding reasonable accommodations"); *Langworthy v. Whatcom Cnty. Superior Ct.*, No. C20-1637, 2021 WL 1788391, at *3 (W.D. Wash. May 5, 2021) ("The *Rooker-Feldman* doctrine bars litigants from bringing claims against state courts based on denials of reasonable accommodations when the denial—in other words, the

injury—is effected through a court order.") (citations omitted). Plaintiff's conclusory statement that he "does not ask this Court to review, reverse, vacate, modify, or sit in appellate review of any Probate Court guardianship hearing," Dkt. 48 at ¶ 134, is plainly erroneous. Accordingly, this Court should dismiss Plaintiff's claim against the Commonwealth for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

## II. PLAINTIFF LACKS STANDING.

In addition to the *Rooker-Feldman* doctrine, Plaintiff's lack of standing provides an independently sufficient basis to prevent this Court from exercising subject matter jurisdiction. "It is axiomatic that Article III standing is a constitutional precondition to a federal court's power to adjudicate a case." *Wine and Spirits Retailers, Inc. v. Rhode Island*, 418 F.3d 36, 44 (1st Cir. 2005) (citations omitted). To establish standing, "[a] plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Wiener v. MIB Group, Inc.*, 86 F.4th 76, 84 (1st Cir. 2023) (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021)). Unless the Court has certified a class, the Court's analysis "is limited to whether [the named plaintiffs have] standing." *In re Evenflo Co., Inc., Mktg., Sales Pracs. & Prods. Liab. Litig.*, 54 F.4th 28, 34 (1st Cir. 2022) (internal quotation marks and citation omitted).

Here, Plaintiff fails to allege an actual or imminent injury in fact. Plaintiff alleges that "the completed access injury was his inability, during a critical period of the active guardianship proceeding, to establish and preserve through a reliable disability-accessible filing mechanism a complete identifiable working record of material opposition evidence and emergency filings." Dkt. 48 at ¶ 140. But—as Plaintiff acknowledges—the guardianship proceeding in Worcester Probate and Family Court in which Plaintiff was allegedly prevented from filing exhibits was dismissed. *See id.* at ¶ 195. What is more, Plaintiff successfully entered at least twenty-four *pro*

*se* filings on the docket in that matter before it was dismissed, and he read an exhibit he was unable to file on the docket into the record at a hearing. *See id.* at ¶ 76; Case No. WO26P0044GD (Worcester Probate and Family Court). Plaintiff has identified no document that he is currently prevented from filing or imminently intending to file in any Massachusetts state court. Plaintiff cannot establish standing based on speculation that at some unknown point in the future he may again face difficulty attempting to file some unknown document in some unknown case in a Massachusetts state court. *See Reddy v. Foster*, 845 F.3d 493, 500 (1st Cir. 2017) (standing requires that the injury "be concrete and particularized and actual or imminent, not conjectural or hypothetical") (internal quotation marks and citations omitted). The Court thus lacks subject matter jurisdiction over Plaintiff's claim against the Commonwealth and should dismiss it pursuant to Federal Rule of Civil Procedure 12(b)(1).

## III. PLAINTIFF FAILS TO STATE A CLAIM UNDER THE ADA OR THE REHABILITATION ACT.

Finally, even if the *Rooker-Feldman* doctrine did not apply and if Plaintiff could establish standing, Plaintiff fails to state a claim under the ADA or the Rehabilitation Act. "Pursuant to the plain language of Title II [of the ADA], a plaintiff must establish: (1) that he is a qualified individual with a disability; (2) that he was either excluded from participation in or denied the benefits of some public entity's services, programs, or activities or was otherwise discriminated against; and (3) that such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability." *Parker v. Universidad de Puerto Rico*, 225 F.3d 1, 5 (1st Cir. 2000). Similarly, to state a claim under Section 504 of the Rehabilitation Act, a plaintiff must establish: "(1) that he is disabled; (2) that he sought services from a federally funded entity; (3) that he was otherwise qualified to receive those services; and (4) that he was denied those services solely by reason of his disability." *J.S.H. v. Newton*, 164 F.4th 142, 152 (1st Cir. 2026) (cleaned up).

Here, Plaintiff claims that he was excluded from participation in the guardianship proceeding and denied court services, but the Court need not credit that conclusory statement. *See Iqbal*, 556 U.S. at 678. The Worcester Probate and Family Court docket indicates that Plaintiff successfully made more than twenty-four *pro se* filings, and Plaintiff alleges that he read an exhibit into the record at a hearing before that court. *See* Dkt. 48 at ¶ 76; Case No. WO26P0044GD (Worcester Probate and Family Court). Accordingly, Plaintiff has not plausibly alleged that he was excluded from the judicial process or denied court services. This Court should dismiss his claim under the ADA and the Rehabilitation Act pursuant to Federal Rule of Civil Procedure 12(b)(6).

## CONCLUSION

For the foregoing reasons, the Commonwealth respectfully requests that this Court dismiss Plaintiff's Fourth Amended Complaint as to the Commonwealth in its entirety, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Respectfully submitted,

COMMONWEALTH OF MASSACHUSETTS,

By its Attorneys,

ANDREA JOY CAMPBELL
ATTORNEY GENERAL

Dated: November 18, 2026

/s/ *Eliza R. Green*
Eliza R. Green (BBO #707242)
Assistant Attorney General
Massachusetts Attorney General's Office
Government Bureau/Trial Division
One Ashburton Place, 18th Floor
Boston, Massachusetts 02108
(617) 963-2279
Eliza.Green@mass.gov

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(2)**

I, Assistant Attorney General Eliza R. Green, hereby certify that on November 13, 2026, I conferred with the *pro se* Plaintiff, in good faith. The parties were unable to resolve or narrow the issues.

/s/ *Eliza R. Green*
Eliza R. Green

**CERTIFICATE OF SERVICE**

I, Assistant Attorney General Eliza R. Green, hereby certify that I have this day, November 18, 2026, served the foregoing document upon all parties by electronically filing to all ECF registered parties and e-mailing to:

Arthur A. Burnham
PO Box 623
Charlton, MA 01507
Standupinfaith12@gmail.com
(508) 980-0072
*Pro Se Plaintiff*

/s/ *Eliza R. Green*
Eliza R. Green